```
 1                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3

 4   ABBOTT LABORATORIES,              )  No. 19 C 6587
                                       )
 5                    Plaintiff,       )
                                       )
 6            vs.                      )  Chicago, Illinois
                                       )
 7   GRIFOLS DIAGNOSTIC SOLUTIONS,     )
     INC., GRIFOLS WORLDWIDE OPERATIONS)
 8   LIMITED, and NOVARTIS VACCINES AND)
     DIAGNOSTICS, INC.,                )
 9                                     )  December 4, 2019
                      Defendants.      )  9:45 a.m.
10

11                 TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HON. SARA L. ELLIS
12

13   APPEARANCES:

14   For the Plaintiff:     MR. MICHAEL A. PEARSON, JR.
                            Kirkland & Ellis LLP,
15                          1301 Pennsylvania Avenue, N.W.,
                            Washington, D.C.  20004
16
     For the Defendant:     MR. ALAN A. BARRY
17                          MS. DEVON C. BEANE
                            K&L Gates LLP,
18                          70 West Madison Street Suite 3300,
                            Chicago, Illinois 60602
19

20

21

22

23                     PATRICK J. MULLEN
                     Official Court Reporter
24               United States District Court
             219 South Dearborn Street, Room 1412
25                 Chicago, Illinois  60604
                       (312) 435-5565
```

1      THE CLERK:  2019 C 6587, Abbott Laboratories versus
2   Grifols Diagnostic Solutions.
3      MR. PEARSON:  Good morning, Your Honor.  Michael
4   Pearson from Kirkland & Ellis on behalf of Abbott.
5      MS. BEANE:  Devon Beane from K&L Gates with my
6   colleague Alan Barry on behalf of the defendants.
7      THE COURT:  Okay.  Good morning.  So we've got
8   multiple motions, and in the status report it did say at the
9   very end that both parties are requesting a settlement
10  conference.  So does it make sense to send you off to the
11  magistrate judge before we spend your clients' respective money
12  on briefing all the motions that have been filed?
13     MR. PEARSON:  Your Honor, Michael Pearson on behalf of
14  Abbott.  We think there's no reason the briefing can't go
15  forward at the same time that we're sent to the magistrate
16  judge for a settlement conference.
17     MS. BEANE:  And the defendants would prefer that it
18  does because the ADR at least as to one of the grounds will
19  proceed regardless.  It's on a 75-day schedule once we select a
20  neutral which we expect is going to happen in the next week or
21  so.
22     THE COURT:  Okay.  So that was my other question.  Are
23  you going to pick then somebody to do your mediation, or do you
24  want the magistrate judge to do it?
25     MR. PEARSON:  Your Honor, Michael Pearson again on

1   behalf of Abbott.  As far as who is going to be the neutral for
2   a settlement discussion, I don't think that's what defense
3   counsel was referring to.  I think they were referring to a
4   neutral in an arbitration that's going on, and we've been
5   talking about that process.  I don't believe we've had any
6   discussions on who would be a neutral for a settlement
7   discussion or a mediation, and I'm happy to have those
8   discussions immediately following this hearing with them if you
9   would like to -- if you would like us to.
10          If I could respond quickly to the idea that the ADR is
11  proceeding and for that reason this case should be put into
12  settlement instead of briefing their motions, respectfully
13  that's giving them what they're asking for in their motions
14  because one of the things they're specifically asking for is a
15  motion to compel arbitration and a motion stay on an issue that
16  Abbott says is properly before this Court.
17          So they've filed those motions.  We're prepared to
18  brief them, and we're prepared to brief them on an expedite
19  schedule so that we can have the briefing done before the
20  holidays on those motions and at the same time move forward
21  with settlement or mediation if it's a private mediator or a
22  settlement conference before the magistrate judge.
23          Also, there is one issue that is before ADR between
24  the parties which I don't think it's disputed is before ADR
25  between the parties, and we don't have any objection to that

1   proceeding.  But we would say that the issues in this case that

2   Abbott has filed we believe are properly before this Court, and

3   we don't think that these issues should be stayed here without

4   a resolution on their motion because that's what their motion

5   is asking for, to stay it, and we think that's incorrect.

6          THE COURT:  All right.  So going back to the

7   settlement issue, what is defendants' position with regard to

8   either going to see the magistrate judge or picking your own

9   private mediator or having the mediator that's doing the

10  arbitration do double duty?

11         MS. BEANE:  We are open to having a magistrate judge

12  preside over our settlement conference.

13         THE COURT:  Okay.  Then it's Judge Fuentes and he's

14  pretty fast in getting people in, so I would frankly rather --

15  I understand that Abbott doesn't agree.  I don't necessarily

16  see this as giving defendants what they want, but instead it's

17  conserving people's resources.  If you truly are interested in

18  settlement and getting to the bottom of this licensing

19  agreement, then see if you can work it out with the magistrate

20  judge.  If you can't, then we'll deal with the motion to

21  dismiss and see what should be here and what shouldn't be here,

22  and then we can go forward.

23         But frankly, you know, I could set your hair on fire

24  and have you brief all these motions right before the holidays,

25  but you're not going to get a response from me because we've

1   got a lot of other motions that have been pending much longer
2   that we're working on right now and plus we've got a three-week
3   trial in February involving the SEC.  So even if I ruined your
4   holidays, you're still not going to get an answer.  To me,
5   that's kind of a waste of time and a waste of your clients'
6   money.
7          MR. PEARSON:  I understand, Your Honor.  What I want
8   to note, though, is I don't think I've heard the defendants
9   suggest that all of the disputes are going to be put aside to
10  conserve the parties' resources while the parties are trying to
11  work this out.  I believe what they are seeking is for the ADR
12  to proceed and this case to be stayed while we're pursuing
13  settlement.  If all of the issues were going to be stayed, then
14  I could see how this would be conserving the parties'
15  resources.  But if the action they have filed is going to
16  proceed and this action is going to be stayed, then I'm not
17  sure that's conserving the parties' resources in total.
18         THE COURT:  Well, what's the defendants' position?
19  You haven't even picked a neutral yet for the ADR, right?
20         MS. BEANE:  We've gone through a process of
21  identifying neutrals.  We are expecting to select one this
22  week.  Ultimately, the ADR proceeding relates to past issues,
23  and so we view them as largely unrelated to what's going to
24  happen in this case and would ask that the ADR proceed.  I
25  don't know that there's any mechanism to stay that proceeding

1  absent a motion to do so.

2  MR. PEARSON:  I haven't discussed staying the ADR with

3  them.  That's why we thought the -- I'm sorry.  Michael Pearson

4  on behalf of Abbott.

5  THE COURT:  Oh, we know it's you.  That's okay.

6  MR. PEARSON:  Okay.  I'm thinking to the paper, Your

7  Honor.

8  We haven't discussed staying the ADR, but the briefing

9  that we've seen and the arguments that I've understood so far

10 are trying to take or make an ADR position that would affect

11 Abbott's ability to have this suit.  We think that's improper,

12 and we think once their motion is resolved in our favor that

13 that will show that this is improper.  But letting the ADR

14 proceed while this case is stayed I think advantages the

15 defendants in this case in a way that it should not.

16 THE COURT:  Okay.

17 MS. BEANE:  We're happy to proceed with the briefing

18 at the same time as proceeding in front of the magistrate

19 judge.  I think that addresses his concern, although it doesn't

20 address, obviously, your concern.

21 THE COURT:  All right.  Why don't you talk to each

22 other about staying the ADR and just doing a global settlement,

23 because even if the issues are tangentially related, you know,

24 it might make sense if you can resolve it all in one spot.

25 Then it saves a lot of time, energy, and money, as opposed to

1  proceeding in two different fora. So talk to each other about

2  it. If you want me to enter an order staying the ADR, I'm

3  happy to do that, but I'm not going to do that right now when

4  you haven't spoken to each other about it or spoken to your

5  clients about it. Okay?

6  　　　　　MS. BEANE: The only thing I would mention about the

7  ADR proceeding is that there is a party to that proceeding that

8  is not a party to this case, and that's a company called Ortho

9  Diagnostics.

10  　　　　　THE COURT: Oh, okay.

11  　　　　　MR. PEARSON: And there are two defendants in this

12  case who are also not a party to that arbitration.

13  　　　　　MS. BEANE: Correct.

14  　　　　　THE COURT: Okay. So make sure that everybody is on

15  board. All right?

16  　　　　　MR. PEARSON: Okay.

17  　　　　　THE COURT: Okay. So I'm going to enter a referral to

18  Judge Fuentes for settlement. Then I'll see you back here in

19  60 days, and we'll kind of see where everything goes. Okay?

20  　　　　　MS. BEANE: Thank you, Your Honor.

21  　　　　　THE COURT: So I'm going to say that all the pending

22  motions are entered and continued to the next status date.

23  　　　　　THE CLERK: And that date is February the 5th at 9:45.

24  　　　　　MR. PEARSON: Sorry. 9:45?

25  　　　　　THE CLERK: Yes, February the 5th at 9:45.

1          THE COURT:  Okay.  We'll see you then.

2          MS. BEANE:  Thank you.

3          MR. PEARSON:  Thank you, Your Honor.

4       (Proceedings concluded.)

5                    C E R T I F I C A T E

6          I, Patrick J. Mullen, do hereby certify that the

7    foregoing is a complete, true, and accurate transcript of the

8    proceedings had in the above-entitled case before the Honorable

9    SARA L. ELLIS, one of the judges of said Court, at Chicago,

10   Illinois, on December 4, 2019.

11

12                         */s/ Patrick J. Mullen*
                          Official Court Reporter
13                        United States District Court
                          Northern District of Illinois
14                        Eastern Division

15

16

17

18

19

20

21

22

23

24

25